1525

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 09-214 |
| v. ) | (29 U.S.C. §§ 501(c) and |
| ) | 439(c)) |
| THOMAS CARROLA ) | |

INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

1.  The defendant, THOMAS CARROLA, held the office of Financial Secretary/Treasurer of International Brotherhood of Electrical Workers (IBEW) Union, AFL-CIO, Local Union 1919 (hereinafter, IBEW Local 1919).

2.  IBEW Local 1919 was a labor organization engaged in an industry affecting commerce within the meaning of Sections 402(i) and (j) of Title 29, consisting of approximately 600 active members employed at seven employers, including Asplundh Tree Expert Company, Lewis Tree Service, and Nelson Tree Service, Incorporated, with jurisdiction over line clearance, tree trimming and arboriculture work.

3.  IBEW Local 1919 maintained a general fund checking account at Progressive Home Federal in Dormont, Pennsylvania, listed under International Brotherhood of Electrical Workers, Local Union 1919, for the necessary and ordinary union-related financial needs of the organization.  Signatories on the account were the

FILED
2009 JUL -7 PM 4:16
CLERK U S DISTRICT COURT

President and Business Manager, the Financial Secretary/Treasurer, and the Vice President and Assistant Business Manager. The Financial Secretary/Treasurer handled IBEW Local 1919's finances.

4. IBEW Local 1919 was governed by its own bylaws and the Constitution and Bylaws of the International Brotherhood of Electrical Workers.

5. According to IBEW Local 1919's bylaws, as an officer, that is, Financial Secretary/Treasurer, of IBEW, the defendant, THOMAS CARROLA, was entitled to seek reimbursement from IBEW Local 1919 for any time spent conducting union business during his regular business hours, for which he did not get paid from his regular employer. Such "lost time reimbursement" was paid by IBEW Local 1919 for any job time lost to conduct union business.

6. According to IBEW Local 1919's bylaws, the defendant, THOMAS CARROLA, was entitled to claim lost time reimbursement to complete his duties as the Financial Secretary/Treasurer of IBEW Local 1919 only if the duties were performed during hours for which he did not get paid from his regular employer.

7. According to IBEW Local 1919's bylaws, the defendant, THOMAS CARROLA, was not entitled to request and receive reimbursement from IBEW Local 1919 for job time lost to conduct union business for which he was already being paid by his regular employer.

## COUNT ONE

The grand jury further charges:

8. The matters set forth above at paragraphs one through seven are hereby re-alleged and incorporated by reference as though fully set forth herein.

9. During the period from in and around January 2002 until in and around January 2007, in the Western District of Pennsylvania, the defendant, THOMAS CARROLA, while an officer, that is, Financial Secretary/Treasurer, of IBEW, AFL-CIO, Local Union 1919, a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully abstract and convert for his own use the money, funds, securities, property and other assets of said labor organization in the amount of $35,057.70, by requesting and receiving reimbursement from IBEW Local 1919 for job time lost to conduct union business for which he was already being paid by his employer, in order to take unauthorized sums of money from IBEW funds.

In violation of Title 29, United States Code, Section 501(c).

## COUNT TWO

The grand jury further charges:

10. The matters set forth above at paragraphs one through seven are hereby re-alleged and incorporated by reference as though fully set forth herein.

11. From in and around January 2002 until in and around January 2007, in the Western District of Pennsylvania, the defendant, THOMAS CARROLA, did willfully make and cause to be made false entries in records required to be maintained by Section 436 of Title 29, United States Code, that is, false and fraudulent lost wage vouchers submitted to IBEW Local 1919 for reimbursement of lost wages incurred while conducting union business, which are records on matters required to be reported in the annual financial report of the IBEW required to be filed with the Secretary of Labor.

In violation of Title 29, United States Code, Section 439(c).

A True Bill,

FOREPERSON BRIAN BURGER

MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

4